Wilson **BREWSTER**, Appellant,

v.

Margaret **HECKLER**, Secretary of Health & Human Services, Appellee.

No. 85–1216.

United States Court of Appeals, Third Circuit.

Argued Jan. 6, 1986.

Decided March 18, 1986.

As Amended March 26, 1986.

Gary S. Turetsky (argued), Meyer Silver, Silver & Silver, Philadelphia, Pa., for appellant.

Heather Anderson (argued), Kathleen Hopkins, Michael Leonard, DHHS/OGC/Office of the Regional Atty., Philadelphia, Pa., for appellee.

Before GARTH and STAPLETON, Circuit Judges and BISSELL, District Judge.*

OPINION OF THE COURT

GARTH, Circuit Judge:

Claimant/appellant Wilson Brewster applied for Social Security Disability Insur-

ance Benefits on December 8, 1982, alleging disability as of April 24, 1982 resulting from a stroke. The application was denied initially and on reconsideration. Following an administrative hearing, the ALJ concluded that Brewster retained the ability to perform his past relevant work as a construction foreman, and consequently was not disabled under the statute. The Appeals Council affirmed the ALJ's decision on September 30, 1983. Brewster sought review of the Secretary's decision in district court, and upon the filing of cross-motions for summary judgment, that court granted the Secretary's motion by order entered February 11, 1985. Brewster thereupon filed this timely appeal. We reverse.

I.

Brewster, a 64 year old male with a seventh grade education, had worked in heavy construction for most of his adult life, occupying the position of labor foreman from 1964 to 1978.[1]

On April 22, 1982, Brewster suffered a cerebrovascular accident, or stroke. Doctors at Albert Einstein Medical Center concluded that Brewster had suffered from hypertensive cardiovascular disease, right hemiparesis with aphasia, and intracerebral hemorrhage.

Following an 11-day hospital stay, during which Brewster underwent extensive physical therapy, Brewster's speech improved and he regained most of the control of his right leg, arm and hand. From May 20, 1982 until July 1, 1982, Brewster received outpatient care. At the end of that period, hospital records revealed that despite his earlier slow and difficult speech and upper body problems, Brewster had returned to near normal function.

On November 30, 1982, Brewster was examined by Dr. Edward S. Singer, Brewster's treating cardiologist. In his report, Singer concluded that Brewster "continues

---

* Honorable John W. Bissell, United States District Court for the District of New Jersey, sitting by designation.

1. From 1978 to 1982, Brewster worked as a plumber.

to be completely disabled" and that he should not engage "in any major physical activities including lifting heavy objects or strenuous activities."

In January 1983, Brewster was examined at the request of the Social Security Administration by a consulting physician, Dr. Guillermo DeLeon, an otorhinolaryngologist and psychiatrist. Dr. DeLeon observed that Brewster walked slowly and dragged his right leg to a moderate degree. In the course of a motor examination, Dr. DeLeon noted that Brewster suffered from mild to moderate right hemiparesis and could not fully extend his right wrist. His grasp was of moderate strength and his hand movements were clumsy. Dr. DeLeon's report noted that Brewster could write his name, but that his writing deteriorated rapidly after a few words. DeLeon observed that Brewster spoke in short sentences, but that his speech was well articulated and lacked dyarthria. Dr. DeLeon concluded that Brewster suffered from mild to moderate right hemiparesis with slight dysphasia, findings consistent with Brewster's earlier intracerebral hemorrhage.

At the request of the Secretary, Dr. Andrew J. Kapcar, a pathologist, reviewed the medical evidence of record. In two Residual Functional Capacity Assessments based on his study of Brewster's medical records (but without examining Brewster) Kapcar concluded that Brewster could lift or carry up to twenty pounds and frequently lift or carry ten pounds. He further estimated that Brewster was slightly limited in the use of his right hand and leg for pushing and pulling, but that he could stand, walk or sit for six hours out of an eight hour working day.

At the administrative hearing, Brewster testified that his right hand and arm problems prevented him from working and that he lacked strength in his right hand to pick up and hold things. Brewster stated that he experienced pain when he raised his arm

above his shoulder. Brewster testified that he walked about three blocks a day and that he dragged his right leg when he climbed stairs. It was Brewster's belief that he could not return to his previous job as a labor foreman because he would be unable to run from place to place or to climb stairs. In his job as a foreman, Brewster testified that he walked around all day and climbed stairs, but did not do any significant lifting, carrying, bending or kneeling.[2]

## II.

In order to establish eligibility for social security disability insurance, a claimant has the burden of demonstrating that he is unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is entitled to disability benefits, the Secretary applies a sequential five-step evaluation process pursuant to 20 C.F.R. § 404.1520. Under that five step analysis, the Secretary determines first whether an individual is currently engaged in substantial gainful activity. If that individual is engaged in substantial gainful activity, he will be found not disabled regardless of the medical findings. 20 C.F.R. § 404.1520(b). If an individual is found not to be engaged in substantial gainful activity, the Secretary will determine whether the medical evidence indicates that the claimant suffers from a severe impairment. 20 C.F.R. § 404.1520(c). If the Secretary determines that the claimant suffers from a severe impairment, the Secretary will next determine whether the impairment meets or equals a list of impairments in Appendix I of sub-part P of Regulations No. 4 of the Code of Regulations. 20 C.F.R. 404.1520(d). If the individual meets or equals the list of impairments, the claim-

---

2. Brewster's wife testified that he no longer did work around the house such as cooking, sweeping, mopping, or vacuuming, that he is forget- ful, that he sometimes has trouble speaking, and that he has poor hearing and vision.

ant will be found disabled. If he does not, the Secretary must determine if the individual is capable of performing his past relevant work considering his severe impairment. 20 C.F.R. § 404.1520(e). If the Secretary determines that the individual is not capable of performing his past relevant work, then she must determine whether, considering the claimant's age, education, past work experience and residual functional capacity, he is capable of performing other work which exists in the national economy. 20 C.F.R. § 404.1520(f).

The claimant bears the initial burden of establishing that he is incapable of performing his past relevant work due to a medically determinable physical or mental impairment. *See Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir.1983).

Here, the Secretary determined that Brewster had demonstrated that he suffered from a severe medical impairment, but that such impairment did not preclude his returning to his past relevant work as a labor foreman. Thus, the Secretary concluded his evaluation at the fourth step.

Brewster argues that the Secretary's decision was not supported by substantial evidence. Specifically, Brewster argues that the ALJ erred in holding that his past work as a labor foreman is not "strenuous," and that therefore his decision is contrary to the medical evidence supplied by Brewster's treating physician, Dr. Singer.

In reviewing a denial of benefits by the Secretary, this court applies the substantial evidence test.

This Court has defined substantial evidence as "such relevant evidence as a reasoning mind might accept as adequate to support a conclusion." ... This oft-cited language is not, however, a talismanic or self-executing formula for adjudication; rather, our decisions make clear that determination of the existence *vel non* of substantial evidence is *not* merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the Secretary ignores, or fails to resolve, a conflict created by

countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.

*Kent*, 710 F.2d at 114 (citations omitted).

■ Dr. Singer, Brewster's treating cardiologist, opined that in light of Brewster's significant medical problems, "he continues to be completely disabled and should not engage in any major physical activities including lifting heavy objects or strenuous activities." (A.R. 153) Although the regulations provide that "a statement by [a] physician that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Secretary] will determine that [the claimant is] disabled," 20 C.F.R. § 404.1527, the ALJ must nevertheless pay close attention to the medical findings of a treating physician. Here, the ALJ did not improperly ignore the treating physician's report; however, the ALJ concluded that Dr. Singer had only found Brewster to be incapable of "strenuous activity." By concluding that Brewster could return to his past position as labor foreman, the ALJ implicitly found that that occupation did not involve strenuous activity. Substantial evidence supporting this finding, however, does not appear in the record.

The only evidence regarding the physical requirements of the position of labor foreman was offered by Brewster himself. At the hearing, Brewster testified that as a labor foreman "I didn't do anything. I just walked around and I was the boss." He also testified that he was on his feet all day, and that he didn't have to do any lifting, carrying, or bending, except for climbing steps. In his Disability Report, Brewster stated that his labor foreman job required standing all day, with no lifting or reaching; that he Supervised 20–40 laborers; and spent 7 hours a day walking and 1 hour standing with occasional bending and reaching. There was no other independent evidence of the requirements of the job of construction foreman.

The only evidence which indicates that Brewster was capable of standing or walking for a prolonged period of time were two residual functional capacity assessments prepared by Dr. A.J. Kapcar, Jr., a pathologist, who did *not* examine Brewster. Dr. Kapcar indicated that Brewster could stand and/or walk a total of six hours per day. The ALJ concluded that these "residual functional capacities are supported by the clinical findings, the limitations set out by Dr. Singer, and the claimant's testimony at the hearing as to his activities." (A.R. 21).

However, this conclusion is not supported by substantial evidence. First, the clinical findings do not indicate that Brewster can stand and/or walk in the working context of a labor foreman for six hours per day. The unrebutted medical evidence indicates that Brewster "walks somewhat slowly and drags his right leg to a moderate degree." (Report of Dr. DeLeon, A.R. 135) Following Dr. DeLeon's examination, the State Division of Disability Determinations requested additional information regarding the impairments to Brewster's ability to walk.

In replying to that request, Dr. DeLeon indicated that he did not perform various tests regarding Brewster's walking ability. The ALJ concluded that Dr. DeLeon's examination did "not show that [Brewster] had any severe limitation on his use of his right lower extremity." (A.R. 19–20). However, this fails to consider Dr. DeLeon's remarks regarding Brewster's slowed gait and dragging right foot. Moreover, there is no other evidence in the record which indicates that Brewster was capable of walking for more than three blocks or capable of being on his feet for the length of time necessary to perform as a construction foreman. Thus, the evidence not only fails to support Dr. Kapcar's conclusions; in some crucial respects, it conflicts with his findings.

Second, it is well established that the opinions of a doctor who has never examined a patient " 'have less probative force as a general matter, than they would have had if [the doctor] had treated or examined

him.' " *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir.1984) (quoting *Wier ex rel Wier v. Heckler*, 734 F.2d 955, 963 (3d Cir.1984)); *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir.1981).

■ Third, where, as here, residual functional capacity reports are unaccompanied by thorough written reports, their reliability is suspect, especially when they conflict with the reports of the claimant's treating physician. *Cf. Green v. Schweiker*, 749 F.2d 1066, 1071 (3d Cir.1984).

Finally, close evaluation of Dr. Kapcar's report indicates that it contains other findings inconsistent with the undisputed medical evidence, thereby rendering suspect *all* the findings contained therein. For example, the reports indicate that Brewster has the "unlimited" physical capacity for "handling," "fingering," and "speaking," yet there is ample evidence, and the ALJ so concluded, that Brewster did not retain the capacity for fine manipulation, and that the residuals of his aphasia resulted in some slowness of speech.

Further, if Dr. Kapcar's conclusion were correct that Brewster could stand or walk for six hours per day, it is nevertheless not clear that this would be sufficient functional ability to perform as a labor foreman. The record indicates that in his past position as labor foreman, Brewster spent *seven* hours per day walking and one hour standing.

■ Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ must make clear on the record his reasons for rejecting the opinion of the treating physician. There is no evidence on the record, other than the discredited functional capacity reports, that Brewster is capable of prolonged walking or standing, nor is there any specific finding regarding the physical demands of the position of labor foreman. *Cf. Cotter v. Harris*, 642 F.2d 700, 707 (3d Cir.1981) (ALJ misconstrued evidence regarding the nature of claimant's past relevant work). In the light of this lack of substantial evidence,

the treating physician's finding that Brewster was incapable of engaging in strenuous work activity supports a finding that Brewster was incapable of returning to his past relevant work as a labor foreman.

Here, remand to the Secretary for consideration of whether Brewster retains the residual functional capacity to engage in other relevant work which exists in the economy is inappropriate. The regulations provide that when a claimant is close to retirement age (60–64) and suffers from a severe impairment, the Secretary will not consider whether the claimant is able to perform light or sedentary work unless he possesses highly marketable skills. 20 C.F.R. § 404.1563(d). Accordingly, the decision of the District Court is reversed and remanded with the direction that disability benefits be awarded Brewster. *See Podedworny,* 745 F.2d at 222–23.