**Robert W. NEAL, Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 02–2765.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 11, 2002.

Decided Feb. 10, 2003.

Before FUENTES, and GARTH,
Circuit Judges, and WALLACH, Judge.*

OPINION

WALLACH, Judge.

I.

Appellant Robert W. Neal applied for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income on April 15, 1996, alleging disability beginning September 15, 1995.[1] The application was denied, as was reconsideration. Neal then filed a request for *de novo* review before an Administrative Law Judge ("ALJ") on February 10, 1997. An administrative hearing was held on December 16, 1997, and the ALJ granted Neal's application after concluding that Neal met the criteria for peripheral neuropathy with a later onset of disability on

December 1, 1996. Neal then sought Social Security Administration Appeals Council review and the council concluded that no grounds for review existed. Accordingly, Neal exhausted all administrative remedies.

Neal filed suit in the District Court of New Jersey on November 17, 2000, pursuant to 42 U.S.C. § 1383(c)(3) and § 405(g), challenging the Commissioner's final ruling. The district court affirmed the final decision of the Commissioner and dismissed the appeal on May 23, 2002. Neal thereafter filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's judgment.

II.

Our review of the district court's legal determinations is plenary. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir.1999). We review the Commissioner's decisions for support by substantial evidence, 42 U.S.C. § 405(g), which is relevant evidence that a reasonable mind may accept as adequate to support a conclusion. *Consolidated Edison v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

III.

Neal appealed the ALJ's denial of disability benefits prior to December 1, 1996, alleging there was no explanation or evidentiary basis to support the ALJ's finding. Neal also argues that a determination of the date of the onset of his slowly progressing disease required the testimony of a medical expert. He says the ALJ's decision violated Social Security Ruling 83–20 ("SSR–83–20"), and that the ALJ's finding that he only met disability criteria

---

* Honorable Evan J. Wallach, United States Court of International Trade, sitting by designation.

1. We dispense with a full recitation of the facts as the parties are familiar with them.

on December 1, 1996, violated the court's holding in *Burnett v. Comm'r*, 220 F.3d 112 (3d Cir.2000). Finally, Neal argues that the ALJ's residual functional assessment was unsupported by the evidence.

## IV.

■ Appellant first argued that the ALJ's denial of disability benefits prior to December 1, 1996 violates the *Cotter* Doctrine and claims that there is no explanation or evidentiary basis to support the ALJ's finding. The *Cotter* court stated that

> [The Court] need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.

*Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.1981).

In this case, the ALJ found Neal's disability started on the date he testified that symptoms of peripheral neuropathy in his left arm and foot began: approximately a year prior to the administrative hearing. The district court found Neal gave conflicting testimony about the onset of his symptoms. Neal told a doctor that they began in April 1997, and he told the ALJ December of 1996. It was not until June of 1997 that Neal had medical records that reported his dragging foot and uncontrollable movements in his left hand. The ALJ accepted the 1996 date in awarding disability, thus accepting Neal's testimony on the date his symptoms began.

Neal also claimed the ALJ's decision violated the Commissioner's ruling at SSR 83–20. He argued the ALJ "picked the disability onset date of December 1, 1996 out of his imagination."[2] Appellant's Brief at 12. SSR 83–20 provides that "[f]actors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence. . . . In determining the date onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available." SSR 83–20. The ALJ's opinion tracks the ruling's requirements. The first documented medical record concerning Neal's physical symptoms did not occur until June 1997, and Neal testified that his actual physical symptoms of a dragging leg and hand began about a year prior to the administrative hearing (in December of 1996). The district court properly found that the ALJ's determination, based upon the Plaintiff's testimony as to the onset of his symptoms, was supported by substantial evidence and in accordance with the Social Security Ruling.

■ Neal's third claim is that he required the testimony of a medical expert to determine the onset date of his peripheral neuropathy. Neal argued that under *Walton v. Halter*, 243 F.3d 703 (3d Cir.2001), a medical expert was necessary to establish the onset of disability as it was not precisely known. The claimant in *Walton* had an exceptionally long history of impairment and lacked medical records detailing the impairment. *Walton*, 243 F.3d at 709. The ALJ in that case was forced to make a retroactive inference regarding a remote onset date based on indefinite medical evidence. *Id.* The ALJ resolved any ambiguity here in Neal's favor; *Walton* is inapplicable.

---

**2.** Counsel's argument that the judge picked a date out of his imagination, in light of Neal's testimony that his symptoms began approximately a year prior to the administrative hearing, has no basis in the record. Counsel must avoid pejorative and unfounded arguments. They ill serve his client and adversely affect his credibility.

Neal's fourth argument is that the ALJ dismissed Neal's subjective complaints without analyzing them under the Commissioner's regulatory protocol. The Commissioner follows a procedure set forth under 20 C.F.R. § 404.1520. That procedure requires that the Commissioner determine whether the claimant has been working; whether he suffers from a severe medical impairment that limits his ability to work; and whether the impairment meets or equals the criteria of an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant meets these criteria, then he will be found disabled. If he does not, then the Commissioner must determine whether he is incapable of performing his past relevant work. If found unable, the Commissioner must consider the claimant's residual functional capacity and the claimant's age, education, and past work experience to see whether the claimant can do other work. *Id.* at § 404.1520(f).

Neal claims that the ALJ ignored impairments, which met the listings of other disabilities, and that medical evidence supported these claims. The ALJ has the duty to identify relevant listed impairments, investigate facts, and develop arguments both for and against benefits, as Social Security proceedings are inquisitorial rather than adversarial. *Burnett*, 220 F.3d at 120; *Sims v. Apfel*, 530 U.S. 103, 110–111, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000). In *Burnett*, the ALJ failed to list the relevant impairments and did not explain step three of the five-step process for awarding or denying benefits. *Burnett*, 220 F.3d at 120.

The ALJ stated that Neal's representative argued at the hearing that his impairments met listings of peptic ulcer, central nervous system vascular accident, Parkinsonian Syndrome, and large intestine carcinoma. The ALJ listed the claimed impairments and then stated that he found that "the criteria for disability were not met based on objective findings in the evidence of record." *In the case of Robert W. Neal,* Social Security Administrative Decision (Mar.1998) at 3. In addressing this argument, the district court cited *Cotter,* which stated that "the ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." 650 F.2d at 482. Neal failed to point to specific information that substantiates his assertions that the ALJ either ignored evidence, or failed to take into consideration portions of the claimant's testimony or medical records. Under *Cotter,* the ALJ's determination that Neal failed to meet the criteria required for these listings was supported by substantial evidence.

Once the ALJ finds a disability, the final step of the evaluation process for granting Social Security benefits places the onus on the agency, considering the claimant's age, education, past work experience, and residual functional capacity, to determine whether the person is capable of performing any other work, which exists in the "national economy." *Brewster v. Heckler,* 786 F.2d 581, 583–84 (3d Cir.1986); 20 C.F.R. § 404.1520(f). The residual functional capacity ("RFC") "is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to perform work-related activities." SSR 96–9p. The findings of fact made by state agency medical consultants must be treated as expert opinion evidence of nonexamining sources at the ALJ and Appeals Council levels of administrative review. See SSR 96–6p. An ALJ may not ignore these opinions and must explain the weight given them. *Id.* In this case, the ALJ determined Neal's RFC based upon Neal's testimony and the state agency medical consultant's assessment. The medical consultant found that Neal could lift and carry

25 pounds on a frequent basis and 50 pounds on an occasional basis, and that he was able to sit, stand and walk for six hours of an eight-hour day. While a state agency medical assessment is given weight only when it is supported by the evidence, SSR 96–6p, Neal did not submit evidence that countered the state agency consultant's assessment. Therefore, the ALJ's use of this medical testimony, and Neal's description of his daily activities, is in accordance with the Social Security Rulings and constitutes substantial evidence.

## V.

For the foregoing reasons, the judgment of the District Court will be AFFIRMED.