

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2007

# Leibig v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2953

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Leibig v. Comm Social Security" (2007). *2007 Decisions.* Paper 916.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/916

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2953
_____

WARREN H. LEIBIG,

Appellant,

v.

JO ANNE B. BARNHART,
COMMISSIONER U.S. SOCIAL
SECURITY ADMINISTRATION.

_____

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(No. 05-cv-06154)
District Judge: Honorable Mary A. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2007

Before: BARRY, CHAGARES, and TASHIMA,* Circuit Judges.

(Filed: June 19, 2007)

_____

OPINION OF THE COURT

_____

*Honorable A. Wallace Tashima, United States Court of Appeals for the Ninth
Circuit, sitting by designation.

_____

CHAGARES, Circuit Judge.

Warren Leibig appeals from a District Court order affirming the Commissioner of Social Security's denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"). Liebig argues that the decision of the administrative law judge ("ALJ") is unsupported by substantial evidence. We disagree and will affirm the District Court's judgment.

## I.

Because we write only for the parties, we will not state the facts separately. The District Court had subject matter jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). We have jurisdiction to review the District Court's decision under 28 U.S.C. § 1291. Our review is limited to determining whether substantial evidence supports the ALJ's finding that Leibig was not disabled. 42 U.S.C. §§ 405(g), 1383(c)(3); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). "'Substantial evidence' has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

## II.

The Social Security Act gives the Commissioner authority to pay DIB and SSI benefits to disabled persons. 42 U.S.C. §§ 423(d), 1382. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically

2

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see also § 1382c(a)(3)(A).

The Commissioner applies a five-step test to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The first two steps require the claimant to demonstrate that he is not currently engaging in substantial gainful activity, and that he is suffering from a severe impairment.  Id.  A failure of proof at step one or step two renders the claimant ineligible for DIB and SSI.  See Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).

If, however, the claimant progresses to step three, then the question becomes "'whether the impairment is equivalent to one of a number of Listed Impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.'" Knepp v. Apfel, 204 F.3d 78, 84 (3d Cir. 2000) (quoting Bowen v. Yuckert, 482 U.S. 137, 141 (1987)).  A claimant who satisfies step three "is conclusively presumed to be disabled."  Id.  A claimant who fails at step three must press on to steps four and five.

Under step four, the question is "whether the claimant retains the residual functional capacity to perform [the claimant's] past relevant work."  Plummer, 186 F.3d at 428.  It is the claimant's burden to establish an inability to return to his past relevant work.  See id.  A failure of proof at step four dooms the claimant's case.  See 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If, however, the claimant satisfies his burden at step four, then the burden of

3

production shifts to the Commissioner. At step five, the Commissioner "must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with [the claimant's] medical impairments, age, education, past work experience, and residual functional capacity." Plummer, 186 F.3d at 428.

In this case, Leibig challenges the ALJ's determinations at steps three and five. At step three, the ALJ concluded that Leibig did not satisfy Listing 104.A, which relates to spinal disorders. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A (2005).[1] At step five, the ALJ found that Leibig retained the ability to perform a significant number of jobs in the national economy.

Leibig's primary contention is that substantial evidence does not support the ALJ's decision to accord limited weight to the opinion of Dr. Abraham, Leibig's treating physician. An "ALJ must . . . pay close attention to the medical findings of a treating physician," Brewster v. Heckler, 786 F.2d 581, 584 (3d Cir. 1986), and "may reject a

---

[1]At the time of the ALJ's decision, Listing 104.A read as follows:

Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

Id.

treating physician's opinion outright only on the basis of contradictory medical evidence." Morales v. Apfel, 225 F.3d 310, 317-18 (3d Cir. 2000) (quotation omitted). Here, substantial evidence supports the ALJ's decision to accord limited weight to Dr. Abraham's conclusions. We agree with the District Court that the ALJ accepted almost all of Dr. Abraham's conclusions, except for his opinion that Leibig could only work six hours per day. As to that finding, Dr. Abraham was all alone among the physicians involved in this case. Dr. Punjabi's view of Leibig's functional capacity was far less restrictive than that of Dr. Abraham. Dr. Finch, the state agency physician, also offered a less restrictive functional-capacity assessment. And Dr. Sachs, a treating specialist, identified no significant functional restrictions and found no evidence of motor, sensory, or reflex abnormality. These contradictory medical assessments provide evidence that "a reasonable mind might accept as adequate to support a conclusion" that Leibig retained the ability to perform a significant number of jobs in the national economy. See Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).

Leibig also contests the ALJ's determination that "the medical record does not support that [Leibig's] impairment/s are/is as severe as he contends." Appendix 4i. In our view, however, the assessments of Drs. Punjabi and Sachs provide substantial evidence to support the ALJ's conclusion that Leibig's subjective allegations were excessive.

Finally, Leibig argues that the ALJ committed error at step three of the analysis by concluding that Leibig had not met or equaled every element of Listing 1.04A. See 20

5

C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A (2005). That listing requires an inability to ambulate effectively or an inability to perform fine and gross movements effectively. Id. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990). Here, however, Dr. Sachs found no evidence of motor, sensory, or reflex abnormality. Dr. Punjabi found that Leibig possessed normal motor power, grip strength, station, and gait. And, as the District Court noted, there was no evidence of atrophy. These findings provide substantial evidence to support the ALJ's conclusion that Leibig did not meet or equal Listing 1.04A.

III.

For these reasons, we will affirm the District Court's judgment.