NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2499
_____

GREGORY SCOTT SCHMIDT,
                                          Appellant

v.

COMMISSIONER SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 10-cv-02271
(Honorable Malcolm Muir)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 9, 2012

Before:  SCIRICA, RENDELL and SMITH, *Circuit Judges*.

(Filed: February 24, 2012)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

       Gregory Scott Schmidt appeals from the District Court's order affirming the

decision of an Administrative Law Judge ("ALJ")  to deny Schmidt's claims for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under 42 U.S.C. §§ 401 *et seq.* and 1381-1383f. We will affirm.[1]

## I.

From January 2006 through November 9, 2007, Schmidt worked as a truck driver and heavy equipment operator. He injured his back while working on November 9, 2007, and filed a timely workers' compensation claim.

Schmidt was first evaluated by orthopedic surgeon Dr. Pandelidis on November 29, 2007. Dr. Pandelidis noted Schmidt's x-rays showed moderate disc degeneration and mild lumbar degeneration. A subsequent lumbar MRI confirmed an L4-5 disc herniation with stenosis. On December 28, 2007, Schmidt underwent an L4-5 disc excision; three weeks later, Dr. Pandelidis noted Schmidt was improving but was unable to return to his previous job.

In the months following the surgery, Dr. Pandelidis reported Schmidt was recovering well and his symptoms were improving. On April 4, 2008, Dr. Pandelidis authorized Schmidt to return to restricted work duties. On August 6, 2008, Schmidt saw pain specialist Dr. Gilhool, who recommended epidural steroid injections which temporarily helped to resolve Schmidt's back pain.

In May 2009, Schmidt again complained of severe ongoing back pain. Dr. Pandelidis recommended intermittent pain medication and an exercise program to relieve Schmidt's pain. On May 22, 2009, Dr. Pandelidis completed a Department of Public

---

[1] The District Court had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). We have jurisdiction under 28 U.S.C. § 1291.

Welfare ("DPW") form that labeled Schmidt as "permanently disabled." During the following five months, Dr. Gilhool repeatedly recommended conservative care consisting of pain medication and exercise.

On December 8, 2008, Schmidt filed an application for DIB, alleging he was disabled as of November 9, 2007. On December 23, 2008, he filed an application for SSI. The ALJ conducted a hearing on March 10, 2010, and issued a decision denying disability benefits on May 14, 2010. The ALJ found Schmidt had severe impairments, but none that required an automatic determination of disability. The ALJ concluded Schmidt had the residual functional capacity ("RFC") to perform sedentary work.[2] Schmidt requested review by the Appeals Council and submitted supplemental evidence including a December 2009 x-ray which showed some disc degeneration, but no fractures or instability, and a 2010 MRI which revealed new degeneration at L3-4 and L4-5, but no significant nerve compression. The Appeals Council found no basis to alter the ALJ's decision, thus making the ALJ's decision final.

Schmidt then commenced a civil action in the District Court, contending the denial of his claims was not supported by substantial evidence. On May 6, 2011, the District Court affirmed the ALJ's decision and entered judgment in the Commissioner's favor. This timely appeal followed.

**II.**

---

[2] Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. A certain amount of walking or standing is often necessary. 20 C.F.R. §§ 404.1567(a), 416.967(a).

Our review is limited to determining whether the ALJ's decision was supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Substantial evidence is defined as "more than a mere scintilla;" it means "such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (*quoting Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). An appellate court is not permitted to reweigh the evidence. *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

## III.

### A.

Schmidt contends the ALJ erred in finding he has the RFC to perform sedentary work. To determine whether a claimant is disabled, the Commissioner considers, in sequence, whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets the list of impairments in the regulations; (4) can return to his past relevant work; and (5) is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; *Brewster v. Heckler*, 786 F.2d 581, 583-84 (3d Cir. 1986). At the fifth step, the ALJ may find the claimant has RFC based on all relevant evidence. 20 C.F.R. §§ 404.1545, 416.946. A claimant's RFC is an assessment of the claimant's ability to work for a maximum of eight hours per day, five days per week. SSR 96-8p.

### 1. ALJ's Finding of RFC for Sedentary Work

The ALJ concluded Schmidt had the RFC to perform sedentary work, and the medical records "[did] not show signs, symptoms or functional limitations consistent with

4

the claimant's allegations of disabling severity." We agree with the District Court that the ALJ's determination was supported by substantial evidence.

Schmidt's medical records reveal that, following his 2007 surgery, he experienced significant relief from his back pain. In April 2008, Dr. Pandelidis noted Schmidt was capable of working with some physical restrictions, and Dr. Gilhool noted a spinal MRI showed no herniation or hematoma. Further, Dr. Gilhool's progress reports from August 2008 through November 2009 consistently reported Schmidt was able to ambulate and perform activities of daily living without assistance. In May 2009, Dr. Pandelidis noted Schmidt could work with restrictions. Similarly, Schmidt's family physician, Dr. Davis, wrote on May 15, 2009 that Schmidt "may be able to do some kind of work." Physical examinations revealed he had no motor loss, lower extremity atrophy, or serious gait impairment.

Although Schmidt argues the ALJ failed to consider supplementary December 2009 and January 2010 diagnostic tests, that evidence does not upset the District Court's finding that the ALJ's decision was based on substantial evidence. Schmidt's December 2009 x-ray showed some disc degeneration, but no fractures or instability.[3] Schmidt's 2010 MRI revealed some degeneration at L3-4 and L4-5, but no significant nerve compression. Following the 2010 MRI, Dr. Pandelidis recommended conservative care

---

[3] Schmidt points to a December 23, 2009 report in which Dr. Gilhool noted Schmidt was not able to ambulate and perform activities of daily living without a cane. The ALJ considered Schmidt's use of a cane for ambulation, but noted there was no indication that it was medically prescribed. To the extent there is any doubt as to whether this is evidence of disabling severity, that doubt is not dispositive, because the question is not whether evidence supports the claimant's allegation of disability, but rather whether there is substantial evidence that supports the ALJ's finding.

including "intermittent medications and exercises." The results of these tests were taken into consideration by the ALJ, but "did not show any serious abnormalities . . . despite [Schmidt's] ongoing complaints."

Based on the record, Schmidt was able to perform daily functions without assistance, was cleared for work with restrictions, was prescribed only conservative care, and suffered no significant clinical impairments subsequent to his 2007 surgery. We agree with the District Court that the ALJ's decision to find RFC for sedentary work was supported by substantial evidence.

## 2. Weight Given to Dr. Pandelidis's Opinion

Schmidt argues the ALJ erred in refusing to give controlling weight to the opinion of Dr. Pandelidis. Dr. Pandelidis's opinion evidence consisted of a DPW form indicating Schmidt was "permanently disabled" as of May 22, 2009.[4]

The Commissioner retains sole decision-making authority to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2). In order to give significant weight to a physician's opinion, the ALJ must consider the opinion's supportability and consistency with the record as a whole. SSR 96-5p. The ALJ "may

---

[4] At the ALJ hearing, Schmidt objected to the admission of a second DPW form, completed by Dr. Pandelidis, dated May 11, 2009. On this form, Dr. Pandelidis checked "employable" and explained that Schmidt was "unable to do any job that involves frequent bending, lifting, twisting or lifting greater than 20 pounds." This mirrors the findings in Dr. Pandelidis's May 2009 progress report. However, the ALJ neither admitted the May 11 form into evidence, nor relied on the form in his decision. Because there is other substantial evidence to support the ALJ's finding, we need not consider the probative value of this form.

6

reject a treating physician's opinion outright only on the basis of contradictory medical evidence." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000).

First, Dr. Pandelidis's DPW opinion consisted largely of checked boxes on a standard DPW form. We have previously found the credibility of this type of opinion evidence to be open to question. *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("[F]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."). As the ALJ noted, the DPW form was completed in order to obtain public assistance and did not provide any clinical findings to support Dr. Pandelidis's opinion. *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3) (explaining more weight is given to opinions that include objective medical evidence). Dr. Pandelidis wrote only "low back pain, lumbar disc degeneration," but failed to provide any medical findings to support his opinion.

Second, the record contains medical evidence contrary to Dr. Pandelidis's opinion. Dr. Pandelidis himself noted in a May 2009 progress report—the same month that he submitted the DPW form—that Schmidt "should try to avoid heavy lifting at work," "he should not do any job that involves frequent bending, . . . twisting or lifting greater than 20 pounds," and that "[h]e may be a good candidate for occupational vocational rehabilitation." In January 2010, Dr. Pandelidis noted Schmidt would be best treated only with medication and strengthening exercises.

Schmidt's other physicians disagreed with Dr. Pandelidis's DPW opinion. From August 2008 through November 2009, Dr. Gilhool noted Schmidt was able to ambulate and perform activities of daily living without assistance. In May 2009, the same month

7

in which Dr. Pandelidis completed the DPW form, Dr. Davis noted Schmidt "may be able to do some kind of work." Following his 2007 back surgery, Schmidt's physicians repeatedly recommended conservative treatment for his back pain. Thus, medical evidence in the record contradicts Dr. Pandelidis's opinion, and we find substantial evidence supports the ALJ's decision to reject Dr. Pandelidis's opinion.

**B.**

Schmidt next contends the ALJ failed to properly consider his subjective complaints of pain in adjudicating his disability claim. To determine whether a claimant is disabled, the Commissioner considers "all. . . symptoms, including pain, and the extent to which [these] symptoms can reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). Pain alone will not establish disability. *Id.* The ALJ must follow a two-step process for evaluating pain: first, whether there is a medical impairment that could reasonably be expected to produce the pain; and second, an evaluation of the symptoms to determine if they limit the claimant's ability to work. SSR 96-7p. Allegations of pain must be consistent with objective medical evidence, and the ALJ must explain the reason for rejecting non-medical testimony. *Burnett v. Comm'r of Social Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000).

The ALJ's conclusion that Schmidt's subjective complaints of pain were not disabling is supported by substantial evidence. The ALJ satisfied the two-part test required in the regulations, concluding the pain could be caused by the claimant's medical impairments, but the intensity, persistence, and limiting effects of the pain were

8

inconsistent with objective medical evidence.  After review of the record, it is clear the objective medical evidence supports the ALJ's conclusion.

In 2007, Schmidt underwent back surgery, after which he improved from a symptomatic and clinical standpoint.  On April 4, 2008, Schmidt was cleared to return to work with restrictions.  Even after that date, there was objective medical evidence that did not support Schmidt's subjective complaints of disabling pain.  For example, Schmidt was able to perform activities of daily living without assistance from August 2008 through November 2009.  Despite complaints of increased pain, Schmidt's December 2009 x-ray showed no abnormalities.  Dr. Gilhool, a pain management specialist, noted a 2010 MRI showed no significant nerve compression.  Both Dr. Gilhool and Dr. Pandelidis continued to prescribe conservative care throughout this period.  These records are inconsistent with Schmidt's allegation of disabling pain.

Schmidt complained of severe back pain in his testimony at the ALJ hearing and at several points throughout his medical history.  But the ALJ considered Schmidt's symptoms and ultimately decided that "there were no worsening clinical findings to support why he is now more limited" than the period following his 2007 back surgery, emphasizing he was able to perform daily living activities.  The ALJ explained his reasons for discrediting Schmidt's subjective testimony and pointed to several objective medical findings that contradicted Schmidt's subjective complaints.[5]  Because there is

---

[5] Schmidt's assertion that the ALJ found no contrary medical evidence to rebut his claim of pain is inaccurate.  The ALJ devoted nearly four pages to discussing Schmidt's pain and the objective medical evidence that contradicted his symptoms.

9

substantial evidence to support the ALJ's conclusion that Schmidt's pain was not disabling, the District Court did not err in affirming the ALJ's decision.

## C.

Finally, Schmidt contends the ALJ failed to properly consider the deleterious effects of medication on his ability to work. The effect of medication on a claimant's ability to work will be considered if it "can reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. § 404.1529(c)(3). Factors that will be considered include the "type, dosage, effectiveness, and side effects" of any medication. *Id.* § 404.1529(c)(3)(iv). When assessing the credibility of a claimant's testimony, the adjudicator must consider any subjective effects of medication. SSR 96-7p.

The ALJ did not explicitly address the possible effects of Schmidt's current medication in his decision to deny disability benefits. The District Court noted this omission, but found it to be "harmless error," following *Box v. Astrue*. 2010 WL 129773 at *5-8 (C.D.Ca. 2010).[6] Reasoning (1) the record did not contain complaints by Schmidt to his physicians about the medications, (2) side effects were considered when prohibiting him from operating heavy equipment, and (3) physicians did not indicate medication would preclude him from working, the District Court affirmed the ALJ's

---

[6] *Box* relies on Ninth Circuit case law that finds harmless error where the ALJ did not discuss medication side effects because plaintiff "failed to present the issue below and there were only passing references to medication side effects that were never the basis of any claim of inability to work or mentioned by any of the treating and examining medical sources." *Box*, 2010 WL 129773 at *7.

determination.  *Schmidt v. Comm'r of Social Sec. Admin.*, No. 4:10-CV-02271 (M.D.Pa. May 6, 2011).

We have previously held where the ALJ fails to provide "any explanation for his implicit rejection of [the claimant's] testimony regarding the effects of the medication he took," it is unclear whether such testimony is "not credited or simply ignored."  *Stewart v. Secretary of Health, Educ. and Welfare of U.S.*, 714 F.2d 287, 290 (3d Cir. 1983).  The ALJ is required to include reasoning for rejecting any relevant evidence, and where no reasoning is provided, we generally remand for the ALJ to consider the impact of the medication side effects on the claimant's disability status.  *Id.*

Schmidt's case does not require us to remand.  The ALJ discussed Schmidt's mental status, found he did not suffer from any serious mental limitations, and determined he had no difficulty with memory or concentration.  Schmidt points to Dr. Davis's May 15, 2009 notation that "it really would not be safe working anyway with the medications that he is currently taking," and to his own testimony at the ALJ hearing regarding side effects.  Dr. Davis's note is unpersuasive because at the time of the hearing, Schmidt was taking different medications and had ceased taking narcotics altogether.  Schmidt's own testimony is likewise unavailing because when asked what side effects he was experiencing, he answered, "They'll give you the side effects of being dizzy or being very sleepy . . . . you can lose your concentration" and "[the labels] specify not to drive or operate machinery."  His answers indicate possible side effects, not side effects he personally experienced.

11

Even if we were to remand, there is no evidence that would lead the ALJ to change his assessment of Schmidt's disability status. Schmidt testified the Office of Vocational Rehabilitation expressed doubt as to how he "would work if [he's] on those types of medications." But failure to consider side effects is not error where the only probative evidence is the claimant's own conclusory statements. The alleged effects of Schmidt's medication are not consistent with the medical evidence in the record. Because there is substantial evidence to support the ALJ's conclusion that Schmidt did not experience disabling side effects from his medication, the District Court did not err in affirming the ALJ's decision.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.