Paul J. FISHER, Jr., Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 91–516–RRM.

United States District Court, D. Delaware.

April 7, 1993.

William Schab, Esquire, Schab & Barnett, P.A., Georgetown, DE, and Kirk B. Roose, Oberlin, OH, attorneys for plaintiff.

Carolyn T. Greene, Asst. U.S. Atty., Wilmington, DE, for defendant.

**MEMORANDUM OPINION**

McKELVIE, District Judge.

I. *Procedural History*

This is a social security case. On October 30, 1986, plaintiff filed applications for disability insurance and Supplemental Security Income ("SSI") benefits claiming he suffers from disabling lower back pain. An Administrative Law Judge ("ALJ") held a hearing and concluded in a decision dated May 31, 1988, that the plaintiff was not entitled to SSI or disability insurance benefits. The Social Security Administration's Appeals Council vacated and remanded, and in a decision entered on September 7, 1990, the ALJ again denied benefits to the plaintiff after finding that the plaintiff was not disabled and could engage in "medium work" in the national economy. The plaintiff again sought review by the Appeals Council and submitted a Magnetic Resonance Imaging report (MRI) dated October 30, 1990, for consideration by the Appeals Council. On August 1, 1991, the Appeals Council denied review, stating that the MRI report did not provide grounds for a reversal or remand as it did not relate to the period covered under the ALJ's decision. The action of the Appeals Council in denying review renders the ALJ's ruling the final decision of the Secretary of Health and Human Services ("Secretary").

On September 19, 1991, the plaintiff filed a civil action in this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Both plaintiff and the Secretary moved for summary judgment. Plaintiff raises two issues: (1) whether the ALJ's functional capacity determination that plaintiff could engage in "medium work" is supported by substantial evidence; and (2) whether this Court should remand or reverse the ALJ's determination

on the basis of the October, 1990, MRI report. For the reasons set out below, this Court finds that the ALJ's decision of September 7, 1990 is supported by substantial evidence and that there is not a reasonable possibility that the MRI report would have changed that decision.

## II. *Standard of Review*

■ This Court's review of the Secretary's factual findings is limited. If the Secretary's finding is supported by substantial evidence, the Court must uphold the finding. 42 U.S.C. § 405(g) (1988). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Dombrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir.1979). The Court of Appeals for the Third Circuit has instructed:

> This oft-cited language is not, however, a talismanic or self-executing formula for adjudication; rather, our decisions make clear that determination of the existence *vel non* of substantial evidence is *not* merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the Secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence ... or if it really constitutes not evidence but mere conclusion.... The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham.

*Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir.1983) (emphasis in original). *See Brewster v. Heckler,* 786 F.2d 581, 584 (3d Cir. 1986).

## III. *Was the ALJ's determination that plaintiff could engage in "medium work" supported by substantial evidence?*

■ Plaintiff contends the ALJ's determination that plaintiff could engage in "medium work" was not supported by substantial evidence.[1] Plaintiff relies on the opinions of Dr. Triglia, his treating chiropractor, and Dr. DuShuttle, his treating orthopedist. It was the opinion of both of these doctors that plaintiff was totally disabled. Dr. Triglia stated that he could not even suggest "light duty" for the plaintiff. D.I. 8 at 168.

The ALJ rejected the opinions of Dr. Triglia and Dr. DuShuttle and instead relied upon the findings and opinions of two consulting physicians for the Delaware Disability Determination Service ("DDDS") who had examined the plaintiff. According to these physicians, plaintiff exhibited a full range of motion in his upper and lower extremities, had normal reflexes, and exhibited only a mild degree of muscle spasm in his back muscles. *See* D.I. 8 at 147–48 (report of Dr. Zeit, December 17, 1986); *Id.* at 165 (letter by Dr. Hedger, January 5, 1988).

In determining plaintiff's functional capacity to perform medium work, the ALJ relied upon the reports of physicians at DDDS who had examined the medical evidence before the ALJ. It was the opinion of both of these physicians that the plaintiff could perform medium work. D.I. 8 at 149–50, 156–57. Thus, it is clear that there was some competent medical evidence in the record which could support the ALJ's finding that the plaintiff could perform medium work.

The plaintiff argues that the support for the ALJ's finding comes from non-treating, non-examining physicians and thus are not substantial evidence when weighed against the opinions of Dr. Triglia and Dr. DuShuttle. Where the ALJ is confronted with conflicting evidence from a treating physician

---

1. The plaintiff does not challenge the ALJ's finding that his impairment was not among the list of impairments contained in Appendix 1, Subpart P, Regulations Part A of the Code of Federal Regulations. The section applicable to plaintiff's back condition provides as follows:

    1.05 C—Other vertebrogenic disorders (e.g. herniated nucleus puplosus ...) with the fol-

lowing persisting for at least 3 months despite prescribed therapy and expected to last 12 months with both 1 and 2:
1. Pain, muscle spasm, and significant limitation of motion in the spine; and
2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

and a "non-treating, non-examining physician the ALJ must make clear on the record his reasons for rejecting the opinion of the treating physician." *Brewster v. Heckler*, 786 F.2d 581, 585 (3d Cir.1986). The ALJ did so in this case.

The ALJ found that the opinions of plaintiff's doctors were not compelling. The ALJ disregarded Dr. Triglia's opinion for two reasons. First, Dr. Triglia's history of conservative treatment was inconsistent with his opinion that plaintiff was totally disabled. Second, under the regulations, the findings and opinions of a chiropractor are not entitled to as much weight as findings and opinions from other accepted medical sources. 20 C.F.R. § 404.1567; 20 C.F.R. § 416.967; *see also Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir.1991). The ALJ found that Dr. DuShuttle's opinion was not entitled to much weight because it was merely conclusory and the doctor did not state the clinical basis for his opinion. The ALJ also noted that the record did not establish that Dr. DuShuttle had been treating the plaintiff over any significant period of time. Thus, the ALJ had a reasonable basis for rejecting the opinions of Dr. Triglia and Dr. DuShuttle and instead relying upon the functional capacity assessments of the DDDS physicians. The Court therefore finds that the ALJ's finding is supported by substantial evidence.

### IV. Does the MRI report require reversal or remand of the ALJ's Decision?

■ Plaintiff next contends that the September, 1990 MRI report and the accompanying report by Dr. DuShuttle require either reversal of the ALJ's determination or remand for consideration of the MRI report. When faced with a request for consideration of new evidence in a social security appeal, a District Court may consider the evidence and reverse, remand, or affirm a decision of the Secretary. 42 U.S.C. § 405(g); *Szubak v. Secretary of Health and Human Services*, 745 F.2d 831 (3d Cir.1984). Remand is appropriate when the new evidence is "material," and there is a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination." *Szubak*, 745 F.2d at 833.

■ As the ALJ's decision with regard to the disability insurance related only to the period from 1984 until December 31, 1988, the 1990 MRI report has little bearing on the ALJ's determination that plaintiff was not disabled as of December, 1988. *See, id.* at 833. However, the MRI report would be relevant to the time period covered in the SSI claim, therefore, the Court must consider whether there is a reasonable possibility that this evidence would have caused the ALJ to reach a different result. *Id.* The MRI report, as interpreted by a radiologist and Dr. DuShuttle, "show[s] degenerative and herniated disc[s]." D.I. 8 at 288–90. However, the ALJ expressly found that "[t]he medical evidence establishes that the claimant has severe lower back syndrome or disc deterioration." D.I. 8 at 18. Thus, the MRI report and the findings of the ALJ are not in conflict.

Plaintiff has failed to show that there is a reasonable possibility that the MRI report would change the functional capacity assessment. The MRI report was accompanied by a report prepared by Dr. DuShuttle at the time of the MRI report in which he indicated that plaintiff exhibited no motor, sensory, or neurological deficits upon physical examination. D.I. 8 at 288. These findings are consistent with the evidence before the ALJ. *See* D.I. 8 at 147–48 (report of Dr. Zeit, December 17, 1986); *Id.* at 165 (letter by Dr. Hedger, January 5, 1988); *Id.* at 149-50 (DDDS consulting physician report, January 6, 1987); *Id.* at 156-57 (DDDS consulting physician report, June 16, 1987). The Court finds, therefore, that there is no reasonable possibility that the new evidence would change the ALJ's determination.

■ Plaintiff also claims that the MRI report undermines the ALJ's finding that plaintiff's claims of disabling pain were not credible. The basis for the ALJ's credibility finding related to the functional capacity of the plaintiff as well as the course of conservative treatment undertaken by his treating physicians. The September, 1990, findings of Dr. DuShuttle also offer support for the ALJ's conclusion. *See* D.I. 8 at 288 (Doctor notes that plaintiff claims to have more good days than bad days, and finds plaintiff has no

sensory, motor or neurological deficits). Thus, this Court finds that the ALJ's credibility determination was supported by substantial ·evidence and concludes that there is no reasonable possibility that the MRI report would change that determination.

For the foregoing reasons, this Court will grant the Secretary's motion for summary judgment. The Court will enter an Order consistent with this Memorandum Opinion.